I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-18-11

DEPUTY CLERK



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

NOV 18 2011

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE JUNIOR TIMMONS,<br><br>Petitioner,<br><br>vs.<br><br>M. KANIPP, Warden,<br><br>Respondent. | Case No. CV 11-9347-R (RNB)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On November 9, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein.

It appears from the face of the Petition that it is directed to a robbery conviction sustained by petitioner in Los Angeles County Superior Court on May 24, 1994, for which petitioner subsequently received an indeterminate life sentence. This is the fourth federal habeas petition filed by petitioner directed to the same Los Angeles County Superior Court judgment of conviction. The first was a habeas petition filed by petitioner in this Court on March 3, 1999, in Case No. CV 99-02261-NM (RNB). On July 2, 1999, Judgment was entered in Case No. CV 99-02261-NM (RNB) denying the Petition and dismissing the action with prejudice, after the Court adopted the Magistrate Judge's Report and Recommendation finding and concluding that the Petition was time barred. Petitioner did not file a notice of appeal from that

1

Judgment. Petitioner then filed another habeas petition directed to the same judgment of conviction on May 4, 2004 in Case No. CV 04-3127-NM (RNB). On June 10, 2004, Judgment was entered in Case No. CV 04-3127-NM (RNB) summarily dismissing the action without prejudice for lack of subject matter jurisdiction. Petitioner then filed another habeas petition directed to the same judgment of conviction on February 12, 2007 in Case No. CV 07-1007-R (RNB). On February 22, 2007, Judgment was entered in Case No. CV 07-1007-R (RNB) summarily dismissing that action without prejudice for lack of subject matter jurisdiction.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act") which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> *(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.*
>
> *(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--*
>
> > *(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or*
> >
> > *(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and*
> >
> > *(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found*

> *the applicant guilty of the underlying offense.*
>
> *(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.*
>
> *. . .*
>
> *(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.*
>
> *. . .*
>
> *(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.*

The Petition now pending constitutes a second and/or successive petition challenging the same conviction and sentence as petitioner's prior habeas petition in Case No. CV 99-02261-NM (RNB), within the meaning of 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)). Thus, to the extent that petitioner is now purporting to raise claims previously raised in Case No. CV 99-02261-NM (RNB), § 2244(b)(1) compels dismissal of those claims. To the extent that petitioner is now purporting to raise new claims, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider those claims, prior to his filing of the instant Petition in the District Court. Petitioner's failure to do so

1  deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d
2  1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).
3       For the foregoing reasons, IT IS ORDERED that this action be summarily
4  dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the
5  United States District Courts.
6       LET JUDGMENT BE ENTERED ACCORDINGLY.

8  DATED: November 16, 2011

                              MANUEL L. REAL
                              UNITED STATES DISTRICT JUDGE

Presented by:

Robert N. Block
United States Magistrate Judge