1
2
3
4
5
6
7



I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL ~Petitioner~
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 11·18·11

DEPUTY CLERK

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

NOV 18 2011

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

8
9
10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11  CLARENCE JUNIOR
12  TIMMONS,

                    Petitioner,
13          vs.

14  M. KANIPP, Warden,

15                  Respondent.
16

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-9347-R (RNB)

ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS
CORPUS FOR LACK OF SUBJECT
MATTER JURISDICTION

17          On November 9, 2011, petitioner filed a Petition for Writ of Habeas Corpus by
18  a Person in State Custody herein.
19          It appears from the face of the Petition that it is directed to a robbery conviction
20  sustained by petitioner in Los Angeles County Superior Court on May 24, 1994, for
21  which petitioner subsequently received an indeterminate life sentence. This is the
22  fourth federal habeas petition filed by petitioner directed to the same Los Angeles
23  County Superior Court judgment of conviction. The first was a habeas petition filed
24  by petitioner in this Court on March 3, 1999, in Case No. CV 99-02261-NM (RNB).
25  On July 2, 1999, Judgment was entered in Case No. CV 99-02261-NM (RNB)
26  denying the Petition and dismissing the action with prejudice, after the Court adopted
27  the Magistrate Judge's Report and Recommendation finding and concluding that the
28  Petition was time barred. Petitioner did not file a notice of appeal from that

1

1   Judgment. Petitioner then filed another habeas petition directed to the same judgment
2   of conviction on May 4, 2004 in Case No. CV 04-3127-NM (RNB).  On June 10,
3   2004, Judgment was entered in Case No. CV 04-3127-NM (RNB) summarily
4   dismissing the action without prejudice for lack of subject matter jurisdiction.
5   Petitioner then filed another habeas petition directed to the same judgment of
6   conviction on February 12, 2007 in Case No. CV 07-1007-R (RNB).  On February
7   22, 2007, Judgment was entered in Case No. CV 07-1007-R (RNB) summarily
8   dismissing that action without prejudice for lack of subject matter jurisdiction.

9        The Petition now pending is governed by the provisions of the Antiterrorism
10   and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the
11   Act") which became effective April 24, 1996.  Section 106 of the Act amended 28
12   U.S.C. § 2244(b) to read, in pertinent part, as follows:

13        *(1)   A claim presented in a second or successive habeas corpus*
14   *application under section 2254 that was presented in a prior*
15   *application shall be dismissed.*

16        *(2)   A claim presented in a second or successive habeas corpus*
17   *application under section 2254 that was not presented in a prior*
18   *application shall be dismissed unless--*

19        *(A)   the applicant shows that the claim relies on a new*
20   *rule of constitutional law, made retroactive to cases on collateral*
21   *review by the Supreme Court, that was previously unavailable; or*

22        *(B)(i) the factual predicate for the claim could not have*
23   *been discovered previously through the exercise of due diligence;*
24   *and*

25        *(ii)   the facts underlying the claim, if proven and viewed*
26   *in light of the evidence as a whole, would be sufficient to*
27   *establish by clear and convincing evidence that, but for*
28   *constitutional error, no reasonable factfinder would have found*

1    *the applicant guilty of the underlying offense.*

2    *(3)    (A)    Before a second or successive application permitted*

3    *by this section is filed in the district court, the applicant shall*

4    *move in the appropriate court of appeals for an order authorizing*

5    *the district court to consider the application.*

6    . . .

7    *(C)    The court of appeals may authorize the filing of a*

8    *second or successive application only if it determines that the*

9    *application makes a prima facie showing that the application*

10   *satisfies the requirements of this subsection.*

11   . . .

12   *(4)    A district court shall dismiss any claim presented in a*

13   *second or successive application that the court of appeals has*

14   *authorized to be filed unless the applicant shows that the claim satisfies*

15   *the requirements of this section.*

16

17       The Petition now pending constitutes a second and/or successive petition

18   challenging the same conviction and sentence as petitioner's prior habeas petition in

19   Case No. CV 99-02261-NM (RNB), within the meaning of 28 U.S.C. § 2244(b). See

20   McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a

21   habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition

22   on the merits and renders a subsequent petition second or successive for purposes of

23   28 U.S.C. § 2244(b)). Thus, to the extent that petitioner is now purporting to raise

24   claims previously raised in Case No. CV 99-02261-NM (RNB), § 2244(b)(1) compels

25   dismissal of those claims. To the extent that petitioner is now purporting to raise new

26   claims, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the

27   Ninth Circuit authorizing the District Court to consider those claims, prior to his

28   filing of the instant Petition in the District Court. Petitioner's failure to do so

deprives the Court of subject matter jurisdiction. See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: November 16, 2011

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE


Presented by:

_____
Robert N. Block
United States Magistrate Judge

4